UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER LENISE STEPHENSON,

    Plaintiff,

v.

Case No. 1:20-cv-906

HON. JANET T. NEFF

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

    Plaintiff seeks review of the Commissioner of Social Security's decision, denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. 42 U.S.C. § 405(g). Plaintiff sought review of the decision before an administrative law judge. On September 27, 2019, the Administrative Law Judge (ALJ) determined that Plaintiff did not qualify for benefits because Plaintiff was not under a disability as defined in the Social Security Act (ECF No. 11-2 at PageID.51). Plaintiff subsequently initiated an action in this Court pursuant to 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that the Commissioner's decision be affirmed (ECF No. 20).

    Before the Court is Plaintiff's Objections to the Report and Recommendation (ECF No. 21), to which Defendant filed a response to the objections (ECF No. 23). The Court performs *de novo* review to those portions of the Report and Recommendation to which Plaintiff raised objections in accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3). For the reasons

stated below, the Court denies the objections and issues this Opinion and Order approving and adopting the Report and Recommendation of the Magistrate Judge as the Opinion of the Court.

At issue in this appeal is the ALJ's assessment of Plaintiff's residual functional capacity (RFC) or whether Plaintiff can perform other jobs that exist in significant number in the national economy to remove Plaintiff from eligibility for disability benefits under the Social Security Act. *See Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 903 (6th Cir. 2016). The ALJ found that the Commissioner proved that Plaintiff could perform a significant number of jobs, approximately 490,000 jobs, based on a "vocational expert's testimony in response to a hypothetical question about the claimant's impairments and abilities" (ECF No. 11-2 at PageID.50-51). *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 316 (6th Cir. 2020) (citing *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002)).

The Court directed Plaintiff to file a Statement of Errors, setting forth in a separately numbered section, each specific error of fact or law upon which Plaintiff seeks reversal or remand of the ALJ's decision (Notice Regarding Consent and Directing Filing of Briefs, ECF No. 12). As stated in the Magistrate Judge's Report and Recommendation, Plaintiff's failure to comply with this requirement constitutes waiver.

Plaintiff's objections to the Report and Recommendation are also undeveloped and lack specificity and merit. *Hizer v. Comm'r of Soc. Sec.*, No. 1:19-CV-325, 2020 WL 3239228, at *3 (W.D. Mich. May 29, 2020), *report and recommendation adopted*, No. 1:19-CV-325, 2020 WL 3223051 (W.D. Mich. June 15, 2020), *aff'd*, 852 F. App'x 999 (6th Cir. 2021). Plaintiff appears to object to the portion of the ALJ's RFC assessment in which the ALJ found that Plaintiff would be "off task less than 10% of [the] time in an 8-hour workday" (ECF No. 11-2 at PageID.47). *See* 20 C.F.R. § 404.1546(c). Plaintiff states that the evidence in the record "establishes that the

limitations suffered by claimant labeled 'moderate' would impair her performance greater than 10%" (ECF No. 21 at PageID.835). Plaintiff further states that the Magistrate Judge erred in failing to address testimony that claimant's limitations and impairments impaired her performance by more than 10% and no jobs exist for people with functioning impairments of greater than 10% (ECF No. 21 at PageID.835-836, 838). As Defendant notes, Plaintiff fails to specify the source of this testimony and evidence (ECF No. 23 at PageID.846). Defendant also responds that Plaintiff relitigates arguments already raised before the Magistrate Judge (ECF No. 23 at PageID.843).

The Court agrees that Plaintiff reiterates the argument raised before the Magistrate Judge that the evidence should have been weighed differently by the ALJ. This is not a valid basis for relief. "The Secretary, and not the [C]ourt, is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony, and to determine the case accordingly." *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990). The Court's jurisdiction is confined to review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 225 (6th Cir. 2019). "[I]f substantial evidence supports the ALJ's decision, this Court defers to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal quotations and citations).

The Court decides only whether there was substantial evidence to support the ALJ's decision, where substantial evidence is relevant evidence adequate to support a conclusion. *Blakley*, 581 F.3d at 406; *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 400 (6th Cir. 2018). The Court has reviewed that record and, as the Magistrate Judge stated, the ALJ, in denying relief, relied on the testimony of the vocational expert, who indicated that there were a significant number of jobs in the national economy that a person with Plaintiff's RFC and vocational profile

could perform (ECF No. 20 at PageID.833-834).  The Court finds that the ALJ was justified in relying on the vocational expert's testimony and determining that the Plaintiff has not been under disability, as defined in the Social Security Act. 20 C.F.R. §§ 404.1520(g), 416.920(g) (if other work exists in the national economy that the claimant can perform, the claimant is not disabled).

The Court agrees with the Magistrate Judge's Report and Recommendation that the ALJ's RFC determination is supported by substantial evidence because the ALJ in reaching a determination was entitled to rely on the vocational expert's opinion as to "whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity" (ECF No. 11-2 at PageID.50).  *See, e.g.*, *Nettleman v. Comm'r of Soc. Sec.*, No. 1:16-CV-692, 2017 WL 2177858, at *5 (W.D. Mich. May 18, 2017), *aff'd*, 728 F. App'x 473 (6th Cir. 2018) (the ALJ's RFC determination was supported by substantial evidence where the ALJ relied on the vocational expert's answer to a simple hypothetical question whether there existed jobs which an individual could perform consistent with Plaintiff's RFC, to which the vocational expert indicated that there existed a significant number of such jobs).  After *de novo* review of the record and materials submitted by the parties, the Court agrees with the Magistrate Judge's recommendation that the ALJ formulated an RFC determination supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 21) are DENIED.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 20) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.

Dated:  March 3, 2022     /s/ Janet T. Neff
                          JANET T. NEFF
                          United States District Judge

5